MDR

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Alfred E. Caraffa, | No. CV-23-00217-TUC-JGZ |
| Plaintiff, | |
| v. | **ORDER** |
| Arizona Department of Corrections, et al., | |
| Defendants. | |

On May 4, 2023, Plaintiff Alfred E. Caraffa, who is confined in the Arizona State Prison Complex-Tucson and is representing herself,[1] filed a civil rights Complaint (Doc. 1). The Court will dismiss the Complaint and this action, without prejudice, pursuant to 28 U.S.C. § 1915(g).

**I.    Recusal Issue**

Plaintiff has named the undersigned as a Defendant in this action. Ordinarily, when a judge assigned to the case is named as a party, the judge would recuse herself sua sponte pursuant to 28 U.S.C. § 455, which requires a judge to recuse herself "in any proceeding in which h[er] impartiality might be reasonably questioned" or when she is "a party to the proceeding." 28 U.S.C. § 455(a) and (b)(5)(i). However, this case is not ordinary.

When a litigant becomes unhappy with a judge's rulings in a case, a litigant might seek to force the judge to recuse herself by filing a lawsuit against the judge. But a "'judge

---

[1] Plaintiff uses feminine pronouns to refer to herself. The Court will do the same.

is not disqualified merely because a litigant sues or threatens to sue h[er].' Such an easy method for obtaining disqualification should not be encouraged or allowed." *Ronwin v. State Bar of Ariz.*, 686 F.2d 692, 701 (9th Cir. 1981) (citation omitted), *rev'd on other grounds sub nom. Hoover v. Ronwin*, 466 U.S. 558 (1984).

"'[A] judge is not disqualified by a litigant's suit or threatened suit against him, or by a litigant's intemperate and scurrilous attacks.'" *United States v. Sutcliffe*, 505 F.3d 944, 958 (9th Cir. 2007) (quoting *United States v. Studley*, 783 F.2d 934, 940 (9th Cir. 1986)). Similarly, "[w]here a claim against the undersigned judge is so wholly frivolous that there is no jurisdiction, the assigned judge should be able to decline to recuse and proceed with dismissing the case." *Snegirev v. Sedwick*, 407 F. Supp. 2d 1093, 1095 (D. Alaska 2006). *See also Reddy v. O'Connor*, 520 F. Supp. 2d 124, 131 (D.D.C. 2007) ("[R]ecusal is not required where the claim asserted is 'wholly frivolous' or a litigant has named a judicial officer as a defendant to force him out of the case and hence obtain assignment of a judge the litigant considers more desirable." (quoting *Snegirev*, 407 F. Supp. 2d at 1095)).

The Court lacks subject-matter jurisdiction over a claim that is "wholly insubstantial and frivolous." *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 89 (1998). An action under 42 U.S.C. § 1983 may be dismissed as frivolous "where the defense is complete and obvious from the face of the pleadings." *Franklin v. Murphy*, 745 F.2d 1221, 1228 (9th Cir. 1984). Such claims include those in which "it is clear that the defendants are immune from suit." *Neitzke v. Williams*, 490 U.S. 319, 327 (1989). *See also Snegirev*, 407 F. Supp. 2d at 1097 (claim precluded by judicial immunity was frivolous). Such is the case here.

Plaintiff's lawsuit against the undersigned is based, at best, on the undersigned's rulings in Plaintiff's prior cases. As to those rulings, the undersigned is protected by judicial immunity.[2] The Court finds Plaintiff's claims against the undersigned are precluded by judicial immunity and are frivolous. Thus, the Court declines to recuse itself.

---

[2] Judges are absolutely immune from § 1983 and *Bivens* suits for damages for their judicial acts except when they are taken "in the 'clear absence of all jurisdiction.'" *Stump v. Sparkman*, 435 U.S. 349, 356-57 (1978) (quoting *Bradley v. Fisher*, 80 U.S. 335, 351

## II.    "Class Action"

In her Complaint, Plaintiff contends this is a "class action" and the class is "[a]ll past, present and future prisoners in [the] custody of the Arizona Dep[artment] of Corrections or form[er]ly in custody who are transsexual and identify as transgender ([male-to-female])."

One prerequisite to maintaining a class action is that the "representative parties will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4). Although Plaintiff may appear on her own behalf, she may not appear as an attorney for other persons in a class action. *McShane v. United States*, 366 F.2d 286, 288 (9th Cir. 1966) (non-lawyer had no authority to appear as an attorney for other persons in a purported class action); *Oxendine v. Williams*, 509 F.2d 1405, 1407 (4th Cir. 1975) (plain error to permit an inmate proceeding pro se to represent fellow inmates in a class action). "This rule is an outgrowth not only of the belief that a layman, untutored in the law, cannot 'adequately represent' the interests of the members of the 'class,' but also out of the long-standing general prohibition against even attorneys acting as both class representative and counsel for the class." *Huddleston v. Duckworth*, 97 F.R.D. 512, 514 (N.D. Ind. 1983). Thus, the Court will not treat this lawsuit as a class action.

## III.   Dismissal of Plaintiff's Complaint

Because at least three of her prior actions were dismissed for failing to state a claim upon which relief may be granted,[3] Plaintiff may not bring a civil action without complete prepayment of the filing and administrative fees unless she is in imminent danger of serious

---

(1871)); *Ashelman v. Pope*, 793 F.2d 1072, 1075 (9th Cir. 1986). Against federal judges, absolute immunity also "extends to actions for declaratory, injunctive and other equitable relief." *Mullis v. United States Bankr. Ct. for the D. of Nev.*, 828 F.2d 1385, 1394 (9th Cir. 1987). An act is "judicial" when it is a function normally performed by a judge and the parties dealt with the judge in his or her judicial capacity. *Stump*, 435 U.S. at 362; *Crooks v. Maynard*, 913 F.2d 699, 700 (9th Cir. 1990). This immunity attaches even if the judge is accused of acting maliciously and corruptly, *Pierson v. Ray*, 386 U.S. 547, 554 (1967), or of making grave errors of law or procedure, *see Schucker v. Rockwood*, 846 F.2d 1202, 1204 (9th Cir. 1988).

[3]*See Caraffa v. Maricopa County Sheriff's Department*, CV-20-00013-PHX-MTL (ESW); *Caraffa v. Maricopa County Sheriff's Office*, CV-20-00227-PHX-MTL (ESW); and *Caraffa v. CHS*, CV-20-00256-PHX-MTL (ESW).

physical injury. 28 U.S.C. § 1915(g). The "imminent danger" exception applies "if the complaint makes a plausible allegation that the prisoner faced 'imminent danger of serious physical injury' at the time of filing." *Andrews v. Cervantes*, 493 F.3d 1047, 1055 (9th Cir. 2007) (quoting § 1915(g)). Plaintiff's allegations in her 35-count Complaint do not plausibly suggest she is in imminent danger of serious physical injury.[4] Thus, the Court will dismiss Plaintiff's Complaint and this action, without prejudice, pursuant to § 1915(g). If Plaintiff wants to reassert these claims in the future, she must prepay the entire $402.00 filing and administrative fees when she files her action.

**IT IS ORDERED:**

(1) Plaintiff's Complaint (Doc. 1) and this action are **dismissed without prejudice**, pursuant to 28 U.S.C. § 1915(g). If Plaintiff wishes to reassert these claims in the future, she must prepay the entire $402.00 filing and administrative fees when she files her action.

(2) The Clerk of Court must enter judgment accordingly and close this case.

. . . .

. . . .

. . . .

. . . .

. . . .

. . . .

---

[4] Plaintiff raises claims regarding impediments and interference with filing court documents (Counts 1-2); medical treatment for *other* transsexuals (Counts 5-7); the appointment, rather than election, of certain state court judges (Counts 8, 26, and 28-29); Plaintiff's continued detention, the failure to release Plaintiff, the lack of a seal on court documents, and fraudulent statements, documents, or court orders (Counts 8, 10, 13, 15-16, 18, 20, and 31-34); correctional officers making comments about Plaintiff, stealing Plaintiff's legal supplies, and allowing an inmate to spit on Plaintiff and call Plaintiff a snitch (Counts 12 and 21-23); Plaintiff's property (Counts 8, 14, and 17); receiving dinner after 8 p.m. on one occasion and only being fed two meals per day for 111 days (Counts 3 and 35); being deprived of a food, in an unspecified amount for an unspecified time (Count 4); the prevention of investigations or the reporting of violations (Count 19); an inmate who added a computer program onto Plaintiff's electronic tablet to "shut down" Plaintiff's law library access (Count 24); unspecified "torture", deprivations of "liberty and property," and other constitutional violations (Counts 9, 11, 25, and 27); and "treason" (Count 30).

    (3)    The docket shall reflect that the Court, pursuant to 28 U.S.C. § 1915(a)(3), has considered whether an appeal of this decision would be taken in good faith and certifies that an appeal would not be taken in good faith for the reasons stated in the Order and because there is no arguable factual or legal basis for an appeal.

Dated this 23rd day of October, 2023.

_____
Jennifer G. Zipps
United States District Judge